We'll move now to Appeal 25-1117, United States v. Jerry Jones. Ms. Rommel, you may approach on behalf of the appellant. May it please the Court. We are here today revealing a re-sentencing of Mr. Jones. He received 20 years above the guidelines in his sentence, and this was after it was remanded in a previous appeal. It is our position that the Court is still deficient in its explanation of a deviation of the guidelines that is so far above. I would like to distill the briefs in two cases for the Court to focus on. One is a Bradley, U.S. v. Bradley, U.S.A. v. Bradley, 675 F. 3rd, 672. There, the Court vacated a sentence that was 15 years over the guidelines. And then Ferguson, which is 831 F. 3rd, 850, where the Court vacated a sentence that was 31 years above the guidelines. The name of that second case?  Thank you. 831 F. 3rd, 850. And the reason why these two cases are important is because, to repeat myself, Bradley was 15 years over, Ferguson was 31 years over, this case is over 20 years over, it falls right in between, where this Court has already vacated sentences that fall into this range of excess. And, you know, this is, as the U.S. Supreme Court says, a guideline range, or a sentence that is so far above the guideline range, it's uncontroversial, that the explanation of the record must be substantial to support that type of a guideline deviation. In both Bradley and Ferguson, those facts were horrendous, and the Court cited the heinous nature of the acts in both of those cases, but it was still not enough. In this case, there's no sugarcoating it with facts, and I'll breathe, but it is, falls into the range of punishing for uncharged misconduct, and although it falls under relevant conduct, it is, the focus of sentencing was clearly on what the trial court saw as aggravation of the circumstances that were not charged. So the sentence not only violates the guidelines in terms of its penal judgment, but it violates the discretion, the sole discretion of the government to decide what charges to bring and what charges not to bring. Counsel, can I ask you, are you making a substantive reasonableness argument about this sentence, or just a procedural argument about the explanation? I'm making a procedural argument, but I am trying to understand, because the reasonableness of the decision is paramount, and it is a component of the procedural analysis. The substance of the deviation has to be buttressed by the language of the sentencing court. So we do have to look at it, and it does have to have a measure of principle. But another point that I made in my brief that I will highlight at this point is that the guidelines did seem to, or perhaps arguably, take into consideration some of this uncharged misconduct. For instance, the guidelines gave a four-point increase for abduction, a two-point increase for carjacking, and another two-point increase for obstruction causing serious bodily injury. And of course, there were two charges for carjacking and sentences imposed for that. So there was a guideline increase for carjacking that, on top of a sentence that was imposed for carjacking. So it's quite possible, although we don't know, because the PSR report was not updated for the secondary sentencing. And there really was no discussion in the record by the sentencing court as to the interplay between the base-level adjustments and the conduct that was the focus of the sentencing. I will point out also that at sentencing, there were some victim impact testimony, and it all had to do with charges that were not brought. So again, it highlights that the government placed quite a bit of emphasis and concern for the court to address with regard to charges that were never brought. So although these facts are not good, they are really no worse than the facts that Bradley had to deal with or Ferguson. And the sentence deviation falls, is sandwiched right in between those two cases. So unless the court has any questions for me, I'll save my remainder for later. Thank you, Ms. Rummel. Thank you. We'll move now, Mr. Wood, to you for oral argument on behalf of the appellee. Your Honor, may it please the court, Bob Wood on behalf of the United States. Responding to a couple of those points, I had understood this to be in part a substantive reasonableness appeal. If it is procedural only in nature, then reasonableness is not as much on the table. And what we're looking for is some indication in the record of the judge's reasons. A justification need not be lengthy to be compelling. The compelling justification here, which is something that was not encompassed within the guideline range, to respond to an additional point here, is what happened at the farmhouse. Even if the additional carjacking was covered, what that family, what the roots went through at the farmhouse was not covered by any of the specific enhancements or offenses. And also, I'd respond that while Mr. Jones speaks of variances in terms of absolute years, this court has recommended, including in the last appeal in this case, that a more relative assessment is what's called for. And the judge indicated in his own way that he understood percentages here, which is exactly how the last opinion in this case spoke of the assessment. And again- Mr. Wood, can I ask you a question about the methodology we used to determine those percentages? Seems like there was a little bit of confusion in the district court about how we had calculated the percentage deviation in the previous appeal in this case. And the confusion about how we do this sometimes can make it hard to compare our cases, right? What percentage above was this case versus this case? It does look to me like we had it right in the previous appeal, which is to say the sentence that he got in the previous appeal was 215% of the top of the guidelines range. And maybe this imprecision is not so much in the math, but in how we use the English to describe the math, right? Like probably the correct way to say that is 215% of the top. But am I right that the district court on remand misunderstood that percentage and maybe made a misstatement about that? I think so. Although I will say that looking at the judge's comment in the context of how the court has described these in the past, he may have been saying, well, in Ballard, 125% of the sentence would have been something entirely different than what was actually in front of the court, which was a 125% increase over the top. So to give the district judge the credit for the way he was looking at this, he may have been reading this case in light of the way the court has in other cases that were cited by the court, talked about it, but yes. And I hope that the court doesn't take our brief as taking a particular stand on who was right or who was wrong. And when we spoke of Lockwood and other cases, we tried to speak specifically in terms of a multiple or the number in those cases versus this case, whether or not the judge was right or wrong, I think his point was best viewed as an attempt to look at this in terms of percentage. He was obviously irked by his understanding of the way his sentencing had been described, but that doesn't take away from the fact that he was looking at this in relative terms. And I think that's what matters for purposes of the court's review. And if the primary focus here is procedure and not substance, I think it is really to the judge's credit that he tried to take the four or five procedural errors independent of explanation, or I should say maybe not independent of, but that relate to explanation and fix them on remand. So we no longer have the statutory maximum. We no longer have a sentence that creates a disparity. Mr. Jones had the highest criminal history category of any of the three and was the ringleader and now has the lowest sentence. He expressly found that the variance was linked to aggravating facts that were not covered by the offenses or the enhancements. He spoke in terms of percentage. There's no longer a mistaken statement about the discharge of a firearm, and there's no calculation error. So all of these procedural things that went into the court's assessment of the district court's explanation last time are no longer present. And beyond that, the only procedural requirement, as this court crisply put it in the United States v. Jerry, is essentially, can we perceive a reason here? That's not the reasonableness of the reason if we're only talking procedure, but can we perceive a reason? And we see it. It's the aggravating facts at the farmhouse. It's the victim impact. And to some degree, it is just the essentially serious nature of the offense, unless the court has additional questions about the explanation. Thank you, Mr. Wood. Ms. Ramil, we'll go back to you now for rebuttal argument. In terms of analyzing the procedure in this case and the court's justification for its deviation, the court really can't get away from looking at the reasons that the court gave. So it's inherent within the procedural analysis that the justifications must be reasonable. In fact, that is what the U.S. Supreme Court says. The greater the deviation, the greater the need for a justification, which are the reasons that are cited in the record. So if those reasons are unreasonable and the court decides that as a procedural matter that we need remedies to remand, then that's within the court's discretion to do. That's what happened before. And the court did take off about 15 years on the sentence, but it still remains 20 years over. So, unless the court has any questions for me. Thank you, Ms. Ramil. And thank you, Mr. Wood. The case will be taken under revision. Thank you.